THOMAS M. COANE, executor of William W. Dunton, deceased,

*v.*

JOHN B. HARNED, JR., et al.

Testator, besides other legacies, gave C. certain furniture, and also gave her and other nieces $500 each, and directed the residue of his estate to be divided equally between C. and three other nieces named. By codicil he gave C. "the further sum of $1,000, in consideration of her faithful attention to" him, and directed "that no part of said sum of $1,000 shall be taken from the share of said" C., as provided in his will, and that, "in case it shall become necessary, the said sum shall be taken from the other legacies and bequests *pro rata.*" After payment of all except the residuary legacies and the legacy of $1,000 to C., $15,609 remained.—*Held*, that C. was entitled to receive one-fourth of such remaining sum before payment to her of the $1,000 legacy, and the latter should be paid out of the remaining three-fourths of the former sum.

On bill and answer.

*Mr. Howard Carrow*, for the complainant.

*Mr. David J. Pancoast*, for John B. Harned, Jr., et al.

*Mr. William J. Kraft*, for Adele J. Coane.

GREEN, V. C.

This bill is filed for the construction of the will and codicil of William W. Dunton, late of Merchantville, in the county of Camden, who departed this life November 3d, 1891. The will is dated January 14th, 1890, and the codicil May 11th, 1891; both were admitted to probate November 17th, 1891, being proved before the surrogate of Camden county, and John B. Harned, Jr., and Thomas M. Coane took upon themselves the administration of the estate of the deceased.

The will gave various legacies, including $500 each to several of his nieces, of whom Adele J. Coane was one. He also gave her all the household furniture in the room where he resided at the time of his death, and then made this provision:

" Eleventhly. After all the aforesaid legacies are disposed of, the entire balance and residue of my estate is to be divided equally between my four nieces, Florence G. Allison, Adele J. Coane, Josephine M. Sutliffe and Corrinna Hammell, the same being daughters of my sister Margaret S. Gregory, to them, their heirs, share and share alike."

By the twelfth clause, he instructed his executors not to foreclose the mortgage he held on the property of his niece, Adele J. Coane, situated in the borough of Merchantville, before the expiration of two years after his death.

By the codicil he made the following provision:

"In addition to the provision made by me in my last will and testament above referred to for my beloved niece Adele J. Coane and her heirs, it is my will and I do hereby give and bequeath unto said Adele J. Coane and her heirs the further sum of $1,000 in consideration of her faithful attention to me during the last years of my life; and it is my will, and I do direct that no part of said sum of $1,000 shall be taken from the share of the said Adele J. Coane as provided for in my said last will and testament. And in case it shall become necessary the said sum shall be taken from the other legacies and bequests pro rata."

The executors filed their final account in the orphans court of Camden county, January 6th, 1893, by which it appears that there is in their hands a balance of $15,609.63, to be distributed in accordance with the terms of the will.

All the legacies have been paid except that of $1,000 mentioned in the codicil and thereby appointed to be paid to Adele J. Coane and the residuary legacies to be paid under the eleventh article of the will, to Florence G. Allison, Adele J. Coane, Josephine M. Sutcliffe and Corinna M. Hammell, with reference to which a dispute has arisen.

Substantially, the dispute is whether the $1,000 is to be first deducted from the balance in hand, and the balance remaining divided into four equal parts, or whether the balance now in hand is to be divided into four equal parts, one of which is to be paid to Adele J. Coane and the $1,000 deducted *pro rata* from the shares of the other residuary legatees.

The practical result of the first method of distribution is to make Mrs. Coane contribute $250 to the payment of the $1,000.

The cardinal principle in the interpretation of wills is to carry out the intention of the testator as expressed in the will, if it is possible to so legally construe its words.

What was the intention of the testator? The difficulty of course arises from the phraseology of the codicil. He had an evident desire to make some special provision for his niece, Adele J. Coane, declaring it to be in consideration of her faithful attention to him during the last years of his life, and in discharge of this obligation which he thus recognizes, he bequeaths to her the sum of $1,000 ; and to show that he intended it should be paid to her in any event, he provides that if it shall be necessary so to do, that the sum of $1,000 should be taken from the other · legacies and bequests of his will *pro rata*. This necessity, however, could only arise in the event of there not being a sufficient amount of money after the payment of debts and funeral expenses to pay all the legacies and the $1,000, and as there is a balance in hand, that contingency has not arisen.

He made three other provisions for Mrs. Coane—one with reference to the mortgage, which has no significance here ; another, a legacy of $500, which has been paid, and is in that way removed from consideration, and one-quarter of his residuary estate. Of these three provisions, the latter is the only one which answers the description of her *share* in his estate. By

the codicil, he makes this further provision : "And it is my will and I do direct, that ·no part of said sum of $1,000 ·shall be taken from the share of the said Adele J. Coane as provided for in my last will and testamant."

This provision must be given its due weight and meaning. He intended by it that her one-quarter share in his. residuary estate should not be reduced by the payment of this $1,000. No other construction of these words will, in my judgment, carry out the expressed intention of the testator.

I am therefore of opinion that, under the will and codicil, Adele J. Coane is entitled to receive one-quarter of the estate now remaining before the bequest mentioned in the codicil is paid to her, and to be paid the $1,000 out of the balance remaining after the payment to her of said one-quarter, the remainder to be divided among the other three residuary legatees.